✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
v.
ROBERT JOHN DAVIDGE
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case  1:04 cr 117-8

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  under 18 U.S.C. § 924(c).
(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence   S  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
Date

*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04 cr 117-8

**UNITED STATES OF AMERICA,**

Vs.

**ROBERT JOHN DAVIDGE.**

**ADDENDUM TO DETENTION ORDER**

_____

**I.     FACTORS CONSIDERED**

    **18 U.S.C. § 3142:**

    **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

    **(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

    **(2)** the weight of the evidence against the person;

    **(3)**  the history and characteristics of the person, including--

        **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**II**.                                                              **FINDINGS**

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a narcotic substance. The defendant entered a plea of guilty in 2005 to the crime of conspiracy to manufacture and possess with intent to distribute methamphetamine. It is now alleged that the defendant, while serving a term of supervised release for that offense, tested positive for methamphetamine on September 15, 2009; November 5, 2009 and he admitted on December 3, 2009 that he had used methamphetamine the previous day.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant as to violations #1 & 2, 5 & 6. It appears to be at the level of probable cause as to violation allegations #3 & 4.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the community, that being his mother and father. He has had employment and he has had a long length of residence in the Rutherford County community. The defendant's history relating to drug and alcohol abuse shows that the defendant has long been a user of controlled substances and alcohol. In regard to the defendant's criminal history, the defendant's criminal record shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Misdemeanor larceny | 05/30/90 |
| Reckless driving, driving after drinking as a provisional licensee | 01/17/91 |
| Driving while impaired | 09/13/94 |
| Driving without a license | 10/18/94 |
| Possession of less than 20 grams of cannabis, FL | 02/15/95 |
| Trespassing, FL | Unknown |
| Misdemeanor assault on a female | 04/01/99 |
| No insurance and no registration | 10/19/00 |
| Driving while impaired | 06/13/01 |
| Resisting arrest, reckless driving | 01/28/04 |
| Misdemeanor domestic violence protective order violation | 11/08/04 |
| Misdemeanor assault on a female | 11/29/04 |
| Failure to appear | 11/29/04 |
| Misdemeanor receiving stolen goods, SC | 12/20/04 |
| Conspiracy to manufacture and possess with intent to distribute methamphetamine, United States District Court of the Western District of NC | 12/08/05 |

The defendant's record concerning appearance at court appearances shows that the defendant had one conviction for failure to appear.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release during the period of time alleged in the petition.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. An examination of the file shows that in 2005 the undersigned revoked the terms and conditions of pretrial release of the defendant due to the defendant's refusal to wear a electronic monitoring devise. The defendant returned to the use of methamphetamine in September of 2009. These factors, along with the criminal record of the defendant, show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Indeed, it would create a risk of harm or danger to the defendant. As a result, the undersigned finds that the defendant should be detained pending further proceedings in this matter.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant voluntarily surrendered himself in regard to this matter. The defendant has been, in most part, a lifelong resident of Rutherford County, NC.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: January 23, 2010

Dennis L. Howell
United States Magistrate Judge